**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000667**
**15-FEB-2024**
**08:10 AM**
**Dkt. 46 SO**

NO. CAAP-19-0000667

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

FASONE PROPERTIES LLC, Plaintiff-Appellee,
v.
MARIAN Y. URATA, as Trustee of the Marian Y. Urata Trust,
Dated June 4, 1992, and as Successor Trustee of the
Walter M. Urata Trust, Dated June 4, 1992, Defendant-Appellant,
and
DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-1624-08 (KKH))

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Marian Y. Urata as Trustee of the

Marian Y. Urata Trust, dated June 4, 1992, and as Successor

Trustee of the Walter M. Urata Trust, dated June 4, 1992 (**Urata**),

appeals from the Circuit Court of the First Circuit's (**Circuit**

**Court**)[1] September 3, 2019 Judgment on Findings of Fact [(**FOFs**)],

Conclusions of Law [(**COLs**)], and Order Granting Plaintiff's

---

[1] The Honorable James S. Kawashima presided.

Motion for Appointment of Commissioner and Issuance of Partition Decree, Filed August 30, 2017; and Denying [Urata's] Motion for Partial Summary Judgment as to Count III (Partition) of Her Counterclaim filed September 25, 2017, in favor of Plaintiff-Appellee Fasone Properties LLC (**Fasone LLC**).[2]  Urata also challenges the Circuit Court's September 3, 2019 [FOFs], [COLs], and Order Granting Plaintiff's Motion for Appointment of Commissioner and Issuance of Partition Decree, Filed August 30, 2017; and Denying [Urata's] Motion for Partial Summary Judgment as to Count III (Partition) of Her Counterclaim filed September 25, 2017 (**Order for Partition**).

Urata raises three points of error on appeal, contending that the Circuit Court erred in entering the Order for Partition because:  (1) the Circuit Court erred in entering FOF 5 and COLs 2-5 and by failing to determine whether it has the power in equity to order a partition in kind through the creation of a Condominium Property Regime (**CPR**); (2) the Circuit Court erred in concluding that the imposition of a CPR in this case would be impractical and greatly prejudicial to Fasone LLC; and (3) the Circuit Court erred in ordering that the subject property (**Property**) be partitioned by sale and not in kind.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

_____

[2]     The members of Fasone LLC appear to be the children of the Fasones.

the arguments advanced and the issues raised by the parties, we resolve Urata's points of error as follows:

> Since a partition action is an action in equity, we review a partition finding under the abuse of discretion standard. See AIG Haw. Ins. Co., Inc. v. Bateman, 82 Hawaiʻi 453, 457, 923 P.2d 395, 399 (1996). Under the abuse of discretion standard, unless there is abuse, a trial court's discretion should not be disturbed. Sugarman v. Kapu, 104 Hawaiʻi 119, 124, 85 P.3d 644, 649 (2004). Abuse is apparent when a trial court's discretion clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant. Id. (quoting Indus. Mortgage Co. v. Smith, 94 Hawaiʻi 502, 510, 17 P.3d 851, 859 (App. 2001)). In exercising its discretion, the court should act in the interest of fairness and prudence, and with a just regard to the rights of all concerned[.] Id. (quoting Brent v. Staveris Dev. Corp., 7 Haw. App. 40, 45, 741 P.2d 722, 726 (1987)).

Kimura v. Kamalo, 106 Hawaiʻi 501, 506-07, 107 P.3d 430, 435-36 (2005) (quotation marks omitted).

Urata asks this court to vacate the Order for Partition and Judgment and to instruct the Circuit Court to order a partition in kind by way of a CPR, rather than a partition by sale. Urata does not argue that the Circuit Court *abused its discretion* in entering the Order for Partition. Instead, Urata argues that the Circuit Court *could have* effectuated the partition otherwise, by CPR, and we should order it to do so.

In 1974, Joseph and Sandra Fasone (the **Fasones**) and Walter and Marian Urata (the **Uratas**) entered into an Agreement of Sale (the **Agreement**) to purchase the Property, with the Fasones owning an 83% undivided interest and the Uratas owning a 17% undivided interest. In the Agreement, the Fasones and Uratas agreed to subdivide the Property when it became legally possible

to do so.  The Property was put in trusts, the Fasones died, and Walter Urata died.  Marian Urata lives in one of the homes on the Property, which she has lived in for many decades.  There is no dispute as to the current undivided ownership interests in the Property; Urata owns a 17% undivided interest.  It is undisputed that a subdivision of the Property, as agreed to in the Agreement, is not possible.

Here, the Circuit Court did not conclude that it did not have the power in equity to create a CPR.  Rather, it concluded that the operative partition statute, Hawaii Revised Statutes (**HRS**) § 668-7 (2016) neither mentions imposition of a CPR nor clearly prohibits it.  This conclusion is not wrong.  The Circuit Court declined to determine whether it had the power in equity to order the creation of a CPR because it determined that a CPR in accordance with HRS Chapter 514B "would bind the parties and limit their respective rights in a [manner] that the Court deems excessive, even if it is authorized in equity[.]"  The Circuit Court noted in particular the impracticality and prejudice to Fasone LLC, the majority (83%) co-owner.

Based upon the record before the Circuit Court, and the initial and ongoing obligations, interests, expenses, uncertainties, and/or risks inherent in imposing (or attempting to impose) a CPR on this particular Property in accordance with HRS Chapter 514B, and in light of the parties' respective

4

interests, we cannot conclude that the Circuit Court abused its discretion by ordering a partition by sale.

Accordingly, the Circuit Court's September 3, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, February 15, 2024.

| | |
|---|---|
| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
| Regan M. Iwao,<br>(Schlack Ito LLLC),<br>for Defendant-Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Thomas E. Bush,<br>(Thomas Bush Law Office, LLLC),<br>for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |